## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY GORDON AND DONALD GORDON, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action: 1:21-cv-16630 |
| § | |
| EQUIFAX INFORMATION SERVICES LLC, § | With Jury Demand Endorsed |
| EXPERIAN INFORMATION SOLUTIONS, § | |
| Inc., TRANS UNION LLC, and OCWEN § | |
| LOAN SERVICING d/b/a PHH MORTGAGE § | |
| SERVICES § | |
| § | |
| Defendants. § | |

## <u>COMPLAINT</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs, Mary Gordon and Donald Gordon ("Plaintiffs"), by and through counsel, for their Complaint against Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and Ocwen Loan Servicing LLC d/b/a PHH Mortgage Services, jointly, severally, and in solido, states as follows:

### I.  INTRODUCTION

1.      Three of the Defendants are consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f), and Defendant, Ocwen Loan Servicing LLC d/b/a PHH Mortgage Services is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Plaintiff seeks to recover from Defendants actual,

statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II. PARTIES

2.      Plaintiffs, Mary  Gordon and Donald Gordon, are natural persons residing in Dale County, Alabama, and are "consumers," as defined by the FCRA, 15 U.S.C. § 1681a(c)**,** and are victims of repeated  false credit reporting.

**Made Defendants herein are**:

3.      Upon information and belief, Defendant Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its headquarters, 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.  Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4.      Upon information and belief, Defendant Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," or "CRA Defendant," or "CRA Defendants," is an Ohio corporation that does business in this judicial district and may be served by delivering a summons to its headquarters, 475 Anton Blvd., Costa Mesa, California 92626. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning

consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

5.     Upon information and belief, Defendant Trans Union LLC, which may also hereinafter be referred to as "Trans Union", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is an Illinois limited liability company that does business in this judicial district and may be served by delivering a summons to its headquarters, 555 West Adams Street, Chicago, Illinois 60681. Trans Union is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

6.     Upon information and belief, Defendant Ocwen Loan Servicing, LLC d/b/a PHH Mortgage Services which may also hereinafter be referred to as "Ocwen," "PHH," "Ocwen/PHH" "Ocwen d/b/a PHH," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company, who acquired PHH Mortgage Services, a New Jersey Corporation, that does substantial business in this judicial district  and may be served by delivering a summons to its Legal Department at its headquarters, 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409 and to its Legal Department at its subsidiary's headquarters, 1 Mortgage Way, Mount Laurel, New Jersey 08054 . Ocwen d/b/a PHH is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer

reporting agencies.

7.      As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

### III.  JURISDICTION AND VENUE

8.      Plaintiffs respectfully assert that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331, 1334, and 1367 and 15 U.S.C. § 1681(p). Plaintiffs also assert actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiffs respectfully request that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

9.      Venue is proper in this District, because CRA Defendants and PHH/Ocwen transact business in this District. PHH/Ocwen's headquarters is located in this judicial district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiffs' claims against Defendants occurred in the District of New Jersey as further described. 28 U.S.C. 1391.

10. Venue is further proper in this District, because CRA Defendants entered into agreements

with PHH/Ocwen in this judicial district to receive credit reporting data concerning Plaintiffs. Any and all requests to investigate Plaintiffs' disputes sent from the CRA Defendants as part of their reinvestigation was submitted to PHH/Ocwen's headquarters and investigated by the furnisher PHH/Ocwen using PHH/Ocwen's resources located at or closely connected to this judicial district. PHH/Ocwen managed Plaintiffs' mortgage from this judicial district including communicating amounts owed and conducting numerous communications via phone and letter.

## IV.  FACTUAL ALLEGATIONS

11.     Upon information and belief, in or around March 2005 Plaintiffs secured a mortgage for their property located at 411 Canterbury Farm Road, Midland City, Dale County, Alabama 36350.

12.     Ocwen Loan Servicing LLC acquired Plaintiffs' mortgage loan for their property and assigned loan number 743945****, hereinafter ("PHH/Ocwen mortgage account").

13.     On June 15, 2017, Plaintiffs filed for a Chapter 13 bankruptcy. A redacted copy of the Docket Summary for Case No. 17-11172 is attached hereto as Exhibit "A" and incorporated by reference herein.

14.     Soon thereafter in June 2017, PHH Mortgage Services acquired Ocwen Loan Servicing LLC and the PHH/Ocwen mortgage account.

15.     On November 24, 2020, Plaintiffs received a discharge from bankruptcy. A redacted copy of the Final Discharge Order is attached hereto as Exhibit "B" and incorporated by reference herein.

16.     Upon information and belief, PHH Mortgage Servicing ("PHH/Ocwen") was and is

now in control of the servicing of the subject PHH/Ocwen mortgage account and the investigation of any credit reporting issues concerning the PHH/Ocwen mortgage account.

17.     Sometime in May 2021, Mary Gordon obtained her three-bureau credit report, and sometime in March 2021, Donald Gordon obtained his three-bureau credit report. Each Plaintiff noticed that the Equifax, Experian, and Trans Union credit report(s) were not accurate. Redacted copies of Plaintiff Mary Gordon's and Plaintiff Donald Gordon's three-bureau credit reports are attached hereto as Exhibits "C" and "D" respectively and incorporated by reference herein.

18.     Within the Equifax credit report Plaintiffs noticed that it reported the PHH/Ocwen mortgage account with a last payment date of 08/01/2013. *See* Exhibits "C" and "D".

19.     Within the Experian credit report Plaintiffs noticed that it reported the PHH/Ocwen mortgage account status as Derogatory. *See* Id..

20.     Within the Trans Union credit report Plaintiffs noticed that it reported the PHH/Ocwen mortgage account with a date of last activity of 09/30/2017 and that the account status was Derogatory. *See* Id..

21.     On or about May 2021, Plaintiffs sent direct disputes to Equifax, Experian, and Trans Union, and requested that the CRA Defendants investigate the reporting of the PHH/Ocwen mortgage account. Plaintiffs requested that under the FCRA, each CRA Defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiffs' credit reports concerning the PHH/Ocwen mortgage account. Redacted copies of each Plaintiffs' unsigned dispute letters sent to Equifax, Experian, and Trans Union, are attached hereto as Exhibits "E" and "F" respectively and incorporated in by reference herein.

22.     Equifax responded to Plaintiff 1 on June 7, 2021 and concerning the PHH/Ocwen

tradeline made the necessary change by changing the date of last payment to June 2017 which was the last month before PHH Mortgage Services acquired the loan. A redacted copy of Equifax's Response to Plaintiff 1 is attached hereto as Exhibit "G" and incorporated by reference herein.

23.     Equifax responded to Plaintiff 2 on June 7, 2021 and concerning the PHH/Ocwen tradeline stated, "The information you disputed has been updated as well as other information on this item. Account it - 743945* The results are: WE VERIFIED THAT THIS ITEM BELONGS TO YOU. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: "ADDITIONAL INFORMATION "DATE OF LAST ACTIVITY "CLOSED DATE "TERMS DURATION. If you have additional questions about this item please contact: OCWEN LOAN SERVICfNG, LLC 3451 HAMMOND AVE WATERLOO IA 50702-5345: (319 236-5390)". Then, showed a "Date of Last Activity 08/2013" and "Date Closed -  08/2013". A redacted copy of Equifax's Response to Plaintiff 2 is attached hereto as Exhibit "H" and incorporated by reference herein.

24.     Equifax's response to Plaintiff Donald Gordon was not the result of a reasonable investigation into his dispute and failed to remedy the inaccuracies within the PHH/Ocwen tradeline because Donald Gordon made payments beyond 2013 and the account was not closed in 2013. Besides, Equifax made the correction for the co-borrower, Mary Gordon.

25.     Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff Donald Gordon's PHH/Ocwen account.

26.     Upon the Plaintiff Donald Gordon's request to Equifax for verification and addition regarding the PHH/Ocwen mortgage account, and in accordance with Equifax's standard procedures, Equifax did not evaluate or consider any of his information, claims or evidence and did

not make any attempt to substantially or reasonably verify the PHH/Ocwen tradeline.

27.     In the alternative, Equifax failed to contact PHH/Ocwen, therefore, failed to perform any investigation at all.

28.     In the alternative to the allegation that Equifax failed to contact PHH/Ocwen, it is alleged that Equifax did forward some notice of the dispute to PHH/Ocwen, and PHH/Ocwen failed to conduct a lawful investigation.

29.     Experian responded similarly to both Plaintiffs on June 14, 2021 and concerning the PHH/Ocwen tradeline stated, "OCWEN 743945.... Outcome: Updated • The item you disputed has been updated, which may include an update to the disputed information.";" Please review your report for the details. Redacted copies of Experian's Responses to Plaintiff Mary Gordon and Plaintiff Donald Gordon are each attached hereto as Exhibits "I" and "J" respectively and incorporated by reference herein.

30.     Plaintiffs also obtained an updated copy of each of their three-bureau credit reports on July 8, 2021 and within the Experian credit report Plaintiffs noticed that the PHH/Ocwen tradeline still stated, "Account Status - Derogatory". Redacted copies of Plaintiff Mary Gordon's and Plaintiff Donald Gordon's July 8, 2021 Three-bureau Credit Reports are each attached hereto as Exhibits "K" and "L" respectively and incorporated by reference herein.

31.     Experian's responses were not the result of a reasonable investigation into Plaintiffs' disputes and failed to remedy the inaccuracies within the PHH/Ocwen tradeline because they were discharged in bankruptcy and the PHH/Ocwen account was not derogatory.

32.     Experian chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding

Plaintiffs' PHH/Ocwen account.

33.     Upon the Plaintiffs' request to Experian for verification and addition regarding the PHH/Ocwen mortgage account, and in accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify the PHH/Ocwen tradeline.

34.     In the alternative, Experian failed to contact PHH/Ocwen, therefore, failed to perform any investigation at all.

35.     In the alternative to the allegation that Experian failed to contact PHH/Ocwen, it is alleged that Experian did forward some notice of the dispute to PHH/Ocwen, and PHH/Ocwen failed to conduct a lawful investigation.

36.     Trans Union responded similarly to Plaintiffs on June 4, 2021 and concerning the PHH/Ocwen tradeline stated, "INVESTIGATION RESULTS - DISPUTED INFORMATION UPDATED: A change was made to the item(s) based on your dispute." OCWEN LOAN SVCG LLC #743945**** ( 1 Mortgage Way, Mount Laurel, NJ 08054, (561) 682-8000 ) We investigated the information you disputed and updated: Past Due; Pay Status; Remarks. Here is how this item appears on your credit report following our investigation." Then the response showed "Date Updated - 09/30/2013", "Last Payment Made – 08/01/2013", and "Date Closed – 09/30/2013". Redacted copies of Trans Union's Response to Plaintiff Mary Gordon and Plaintiff Donald Gordon are each attached hereto as Exhibits "M" and "N" respectively and incorporated by reference herein.

37.     Plaintiffs then obtained an updated copy of each of their three-bureau credit report on July 8, 2021 and within the Trans Union credit report noticed that the PHH/Ocwen tradeline was actually missing, presumably deleted. *See* Exhibits "K" and "L".

38.     Trans Union's responses were not the result of a reasonable investigation into Plaintiffs' disputes and failed to remedy the inaccuracies within the PHH/Ocwen tradeline because the account had no payment made to it in September 2017, it was not derogatory, they never requested deletion, and the response did not match the credit report.

39.     Trans Union chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and inappropriately deleted Plaintiffs' PHH/Ocwen account.

40.     Upon the Plaintiff's request to Trans Union for verification and addition regarding the PHH/Ocwen mortgage account, and in accordance with Trans Union's standard procedures, Trans Union did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify the PHH/Ocwen tradeline.

41.     In the alternative, Trans Union failed to contact PHH/Ocwen, therefore, failed to perform any investigation at all.

42.     In the alternative to the allegation that Trans Union failed to contact PHH/Ocwen, it is alleged that Trans Union did forward some notice of the dispute to PHH/Ocwen, and PHH/Ocwen failed to conduct a lawful investigation.


### V.  GROUNDS FOR RELIEF

#### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
#### (15 U.S.C. § 1681e(b))

43.     The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

44.     Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit

files it published and maintained concerning Plaintiff Donald Gordon.

45.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

46.     Equifax knew or should have known Plaintiff's account statuses in relation to his bankruptcy was inaccurate, but Equifax continued to prepare a patently false consumer report concerning Plaintiff.

47.     Despite actual and implied knowledge that Plaintiff's credit reports were and are not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff Donald Gordon, and ultimately Plaintiff's creditworthiness.

48.     After Equifax knew or should have known his account status in relation to his bankruptcy was inaccurate, they failed to make the corrections. Further, they corrected the co-borrowers identical dispute.

49.     As a result of Equifax's conduct, action, and inaction, Plaintiff Donald Gordon suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

50.     Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

51.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

52.     The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

53.     Equifax violated 1681i by failing to update inaccurate information in the Plaintiff Donald Gordon's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

54.     As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

55.     Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

56.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

57.     The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

58.     Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

59.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

60.     Experian knew or should have known of Plaintiffs' account statuses in relation to their bankruptcy were inaccurate, but Experian continued to prepare a patently false consumer report concerning Plaintiffs.

61.     Despite actual and implied knowledge that Plaintiffs' credit reports were and are not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiffs, and ultimately Plaintiffs' creditworthiness.

62.     After Experian knew or should have known Plaintiffs' account statuses in relation to their bankruptcy were inaccurate, they failed to make the corrections.

63.     As a result of Experian's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

64.     Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiffs

for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

65.    The Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT IV – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

66.    The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

67.    Experian violated 15 U.S.C. § 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to the furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit files, and relying upon verification from a source it has reason to know is unreliable.

68.    As a result of Experian's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

69.    Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling

the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

70.     The Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT V – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

71.     The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

72.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

73.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

74.     Trans Union knew or should have known of Plaintiffs' account statuses in relation to their bankruptcy were inaccurate, but Trans Union continued to prepare a patently false consumer report concerning Plaintiffs.

75.     Despite actual and implied knowledge that Plaintiffs' credit reports were and are not accurate, Trans Union readily provided false reports to one or more third parties, thereby misrepresenting Plaintiffs, and ultimately Plaintiffs' creditworthiness.

76.     After Trans Union knew or should have known Plaintiffs' account statuses in relation to their bankruptcy were inaccurate, they failed to make the corrections. Further, Plaintiffs did not request for the PHH/Ocwen mortgage tradeline be deleted.

77.     As a result of Trans Union's conduct, action, and inaction, the Plaintiffs suffered

damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

78.     Trans Union's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

79.     The Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

**COUNT VI – TRANS UNION'S VIOLATION OF THE FCRA**
**(15 U.S.C. §1681i)**

80.     The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

81.     Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to update or delete inaccurate information in the Plaintiffs' credit files after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit files, and relying upon verification from a source it has reason to know is unreliable.

82.     As a result of Trans Union's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

83.     Trans Union's conduct, action, and inaction, were willful, rendering it liable for

actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

84.     The Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT VII – PHH/OCWEN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

85.     Defendant PHH/Ocwen violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiffs' dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

86.     PHH/Ocwen further violated 15 U.S.C. § 1681s-2(b) by continuing to report the PHH/Ocwen representation within Plaintiffs' credit files with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiffs' dispute(s) of the PHH/Ocwen representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the PHH/Ocwen representations to the consumer reporting agencies.

87.     As a result of PHH/Ocwen's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the

mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

88.     PHH/Ocwen's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

## VI.  VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

89.     Plaintiffs will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

90.     Plaintiffs respectfully request that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including New Jersey.

91.     Plaintiffs respectfully request that this Honorable Court award Plaintiffs their litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

92.     The above and foregoing actions, inactions, and fault of Defendants, as to each and

every claim, have proximately caused a wide variety of damages to Plaintiffs.

93.     Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiffs and have been a substantial factor in causing credit denials and other damages.

94.     Plaintiffs suffered a variety of damages, including economic and non-economic damages as prayed for herein.

95.     Defendants have negligently and/or willfully violated various provisions of the FCRA and are thereby liable unto Plaintiffs.

96.     Defendants are liable unto Plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial in their attempt to refinance their mortgage, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PREMESIS CONSIDERED**, Plaintiffs, Mary Gordon and Donald Gordon, pray that this Honorable Court:

A.     Enter Judgment in favor of Plaintiffs and against Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and Ocwen Loan Servicing LLC d/b/a PHH Mortgage Services, jointly, severally, and in solido, for all reasonable damages

sustained by Plaintiffs, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, applicable state law, and common law;

B.    Find that the appropriate circumstances exist for an award of punitive damages to Plaintiffs;

C.    Award Plaintiffs pre-judgment and post-judgment interest, as allowed by law;

D.    Order that the CRA Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC, and Furnisher Defendant, Ocwen Loan Servicing LLC d/b/a PHH Mortgage Services, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiffs and/or any of Plaintiffs' personal identifiers.

E.    Grant such other and further relief, in law or equity, to which Plaintiffs might show they are justly entitled.

Date Filed: <u>September 8, 2021</u>

Respectfully submitted,

<u>s/ Gloria C. Lam</u>
Gloria C. Lam
NJ State Bar Number 286962018
FCRA-NJ@fieldslaw.com
**FIELDS LAW FIRM**

21 South 11th Street, Suite 520
Philadelphia, Pennsylvania 19107
(612) 383-1868 (telephone)
(612) 370-4256 (fax)

COUNSEL FOR PLAINTIFFS

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: September 8, 2021                              *s/ Gloria C. Lam*
                                                     Gloria C. Lam